UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:08CV-00060-TBR

ENERGISTICA, S.A., ET AL.                                        PLAINTIFFS

VS.

MERCURY PETROLEUM CO., INC., ET AL.                    DEFENDANTS

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

BACKGROUND

Before the Court is Plaintiffs' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (DN 69). Plaintiffs' seek dismissal of certain claims set forth in the Verified Amended Counterclaim and Third Party Complaint (DN 67). Defendants, Petro Development Corp., Inc. ("Petro"), and 530 West Main Properties, LLC ("West Main"), have filed a memorandum in response (DN 70) and Plaintiffs have filed a reply memorandum (DN 71). The District Judge referred this matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

FINDINGS OF FACT

On September 27, 2007, Plaintiff, Energistica, S.A. ("Energistica"), entered into the Amended Assignment of Oil and Gas Lease (the "Amended Assignment") with Defendant, Mercury Petroleum Co., Inc. ("Mercury") (DN 71 at Page 2). Essentially, the Amended Assignment allowed Energistica to drill three wells on the Burris property, designated Energistica Well Nos. 1, 2, and 3 (DN 67 at Pages 2-5; DN 71 at Page 2). At the time, Livingston Davies ("Davies") was President of Energistica and owned 100% of its stock (DN 67 at Page 2; DN 71 at Page 2). West Main is an

assignee of some of Mercury's rights under the Amended Assignment (DN 67 at Page 2). Petro

holds a 25% working interest in Mercury Well No. 1 (DN 67 at Page 2).

On December 18, 2007, Davies selected the site for drilling Energistica Well No. 3

(DN 67 at Pages 3-5; DN 71 at Pages 2-3). The well was drilled between March 12 and 17, 2008

(DN 71 at Page 3). After drilling began, Davies approved a recommendation of his operator,

Petrotech Resources, to apply hydraulic fracturing treatments to Energistica Well No. 3 after it was

completed (DN 67 at Page 6; DN 71 at Page 3). Petro and West Main contend that at the time the

decision to drill was made, Smith was the financial backer of Energistica and he was responsible for

decision making concerning Energistica's wells (DN 67 at Pages 5-6). Davies died before the well

was completed and the hydraulic fracturing treatments were paid for and applied (DN 71 at Page

2-3).

Shortly after Davies died, Malcolm Cosgrove-Davies ("Cosgrove-Davis") was named

the Administrator of the Estate of Davies (DN 67 at Page 2; DN 71 at Page 3). Acting in that

capacity, Cosgrove-Davies appointed a new Board of Directors for Energistica (the "Board") (DN

71 at Page 3). On April 2, 2008, the Board appointed Peter H. Smith ("Smith") as Energistica's

President (DN 67 at Page 2; DN 71 at Page 3). Thereafter, Smith affirmed Davies' previous

decision to apply the hydraulic fracturing treatments to Energistica Well No. 3 on or about April 8,

2008. Apparently, Petrotech Resources carried out the hydraulic fracturing treatments (DN 67 at

Pages 5-6; DN 71 at Page 3).

On September 22, 2008, Petro and West Main filed the Verified Amended

Counterclaim and Third Party Complaint ("Pleading") (DN 67). The pleading names

Cosgrove-Davies, in his capacity as Administrator of the Estate of Davies, and Smith as defendants

(DN 67 at Page 2). In Count I, Petro and West Main seek a declaratory judgment regarding rights

2

to Energistica Well Nos. 1, 2, and 3 (DN 67 at Pages 3-5). Essentially, Count I alleges Energistica failed to timely fulfill certain drilling completion and site selection requirements in the Amended Assignment and, therefore, it lost its rights to these three wells and West Main is entitled to them (DN 67 at Pages 3-5).

Paragraph 14 in Count II of the Pleading alleges Mercury Well No. 1 is immediately adjacent to Energistica Well No. 3 (DN 67 at Page 5). Paragraphs 15 and 16 in Count II allege as a result of drilling and subsequent hydraulic fracturing treatments at Energistica Well No. 3 the oil production at Mercury Well No. 1 has diminished from 480 barrels a day to nothing (DN 67 at Page 5). Paragraph 17 in Count II asserts due to Energistica's violations of the Amended Assignment it was not legally entitled to drill Energistica Well No. 3 and, therefore, Petro is entitled to damages for the loss of revenue caused by Energistica's wrongful conduct (DN 67 at Page 5). Paragraphs 18 through 21 in Count II allege since Davies and Smith knew the time for drilling Energistica Well No. 3 had expired, under the Amended Assignment, but they still made the decisions to drill and apply hydraulic fracturing treatments both Cosgrove-Davies, as Administrator of the Estate of Davies, and Smith are personally liable to Petro for its loss of revenue damages (DN 67 at Pages 5-6). Paragraphs 22 and 23 in Count III assert that if the Court determines any of the three Energistica wells rightfully belongs West Main then it is entitled to all proceeds from the wells that have been paid to Energistica, Smith and Cosgrove-Davies, as Administrator of the Estate of Davies (DN 67 at Page 6).

## CONCLUSIONS OF LAW

Plaintiffs, Energistica and Cosgrove-Davies, have moved the Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the claims in Paragraphs 18-23 of the Pleading (DN 69).

Essentially, they argue these paragraphs in the Pleading fail to state claims, against Davies and Smith in their individual capacities, upon which relief can be granted (DN 69, 71). In response, Petro and West Main argue under Kentucky law a corporate officer can be held personally liable for torts (DN 70). In reply, Plaintiffs argue under Kentucky law a party can pursue contractual and tort remedies arising from essentially the same conduct, but the party must articulate the tort claims independent from any duties imposed under the contract (DN 71). Further, Plaintiffs argue these claims do not indicate how the decisions, to drill and then apply hydraulic fracturing treatments to Energistica Well No. 3, were tortious (DN 71).

When the Court considers this motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), it must accept all of the allegations set forth in the Pleading as true, and construe it liberally in favor of Petro and West Main. Lawrence v. Chancery Court of Tennessee, 188 F.3d 687, 691 (6th Cir. 1999); Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998); Persian Galleries, Inc. v. Transcontinental Ins. Co., 38 F.3d 253, 258 (6th Cir. 1994). The claims in the Pleading should not be dismissed unless it appears beyond a doubt that Petro and West Main can prove no set of facts in support of their claim which would entitle them to relief. Conely v. Gibson, 355 U.S. 41, 45-46 (1957); Achterhof v. Selvaggio, 886 F.2d 826, 831 (6th Cir. 1989). The claims in the Pleading must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Andrews v. Ohio, 104 F.3d at 803, 806 (6th Cir. 1997); In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Since jurisdiction in this case arises out of diversity of citizenship, the Court must apply Kentucky law. Erie Ry. Co. V. Tompkins, 304 U.S. 64 (1938). Under Kentucky law a party may pursue both contractual and tort remedies arising from essentially the same conduct, however, the pleading party must articulate a tort claim that is independent of the contractual duties. Presnell

4

Constructions Managers, Inc. v. EH Construction, LLC, 134 S.W.3d 575, 582-583.  Additionally, under Kentucky law while an officer is normally not liable for contractual obligations of the corporation, he is not immune from liability for his own intentional misconduct or for negligence based upon a breach of his own duty.  Brewer Machine & Conveyor Mfg. Co. v. Old National Bank, 248 F.R.D. 478, 481 (W.D. Ky. 2008); Young v. Vista Homes, Inc., 243 S.W.3d 352, 363 (Ky. App. 2007).

Here, Paragraphs 18-23 in the Pleading fail to identify tort claims that are independent of the contractual duties under the Amended Assignment (DN 67 at Pages 5-6). Moreover, these paragraphs do not contain direct or inferential allegations respecting all the material elements necessary to sustain recovery under a negligence or intentional tort claim.  For these reasons, the undersigned concludes that Petro and West Main have failed to state claims upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).

RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiffs' motion to dismiss be GRANTED and the claims in Paragraphs 18-23 in the Pleading that are asserted against Cosgrove-Davies, Administrator of the Estate of Davies, and Smith in their individual capacities should be dismissed.

5

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be filed within ten (10) days or further appeal is waived.  <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, U.S. 140 (1984).

Copies:          Counsel of Record