UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08CV-60-R

ENERGISTICA, S.A., et al.                                          PLAINTIFFS

v.

MERCURY PETROLEUM, INC., et al.                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Dismiss (DN 69).

Defendants Petro Development Corp., Inc. ("Petro") and 530 West Main Properties, LLC ("West

Main") filed a response (DN 70) to which Plaintiffs replied (DN 71).  Magistrate Judge Goebel

filed his Findings of Fact, Conclusions of Law and Recommendation (DN 72), to which

Defendants objected (DN 73).  Plaintiffs also filed a response to Defendants' objections (DN

74).  This matter is now ripe for adjudication.  For the reasons that follow, Plaintiffs' Motion to

Dismiss is GRANTED.

BACKGROUND

This case involves a dispute over the ownership rights in several oil wells located on a

farm owned by Danny Burris in Adair County, Kentucky.  On September 27, 2007, Energistica

and Mercury Petroleum Co, Inc. ("Mercury") entered into an Amended Assignment of Oil and

Gas Lease ("Amended Assignment").  Under the Amended Assignment, Energistica and

Mercury agreed to divide the leased portion of the Burris farm (the "Property") into a

checkerboard for purposes of dividing oil drilling and exploration rights between the two

companies.  This checkerboard arrangement divides the Property into a grid of four-acre square

parcels.  Under the terms of the Amended Assignment, the checkerboard protocol provides the exclusive means of drilling for oil on the Property; that is, Energistica and Mercury are permitted to drill for oil on the Property only on squares they select pursuant to the checkerboard protocol.

Energistica selected its first four wells on August 22, 2007, September 27, 2007, December 18, 2007, and March 4, 2008, respectively.  On March 18, 2008, Livingston Davies, President of Energistica, died unexpectedly.  At the time of his death, Davies controlled 100% of Energistica's stock.  According to Plaintiffs, Davies selected the Energistica wells at issue. Davies also approved the application of hydraulic fracturing treatments to Energistica Well No. 3, but he died before the well was completed and before the treatments were paid for or applied.

On or about March 17, 2008, Malcolm Cosgrove-Davies learned that he had been named administrator of his brother Davies's estate.  Cosgrove-Davies appointed a new Board of Directors for Energistica, which in turn appointed Peter H. Smith as Energistica's President on or about April 2, 2008.

Following his appointment as President of Energistica, Smith affirmed Davies's previous decision to apply the hydraulic fracturing treatments to Energistica Well No. 3. On or about April 8, 2008, the operator applied the treatments to the well.  Defendants allege that the treatments caused the production of Mercury Well No. 1, in which Defendants have an interest, to diminish to the point where it is now no longer producing oil at all.

Plaintiffs filed this declaratory judgment action on April 17, 2008 and filed an Amended Complaint on April 30, 2008.  They seek a judgment that their selection and interests in Energistica Well No. 3 are valid and enforceable, as well as that they owe no compensation to Defendants related to Energistica's application of a hydraulic fracturing treatment in Energistica

2

Well No. 3.

On September 22, 2008, Defendants Petro and West Main filed a Verfied Amended Counterclaim and Third Party Complaint ("Pleading") (DN 67).  In their Motion to Dismiss, Plaintiffs request that the Court dismiss the claims asserted against Smith and Cosgrove-Davies in their individual capacities.

Magistrate Judge Goebel found that Defendants failed to identify tort claims independent of the contractual duties under the Amended Assignment.  Judge Goebel further found that Paragraphs 18-23 of the Pleading do not contain direct or inferential allegations respecting all of the material elements necessary to sustain recovery under a negligence or intentional tort claim. Therefore, Judge Goebel recommended that Plaintiff's Motion to Dismiss be granted and the claims in Paragraphs 18-23 in the Pleading that are asserted against Cosgrove-Davies and Smith in their personal capacities be dismissed.

In their objection, Defendants submit that the allegations support a claim for trespass. Defendants allege that because Energistica forfeited its rights to Energistica Well No. 3, exclusive drilling rights transferred to one of the Defendants, and Energistica's continued presence and drilling on the site constituted an intentional trespass.  Defendants also allege that the decision to apply hydraulic fracturing treatments, resulting in the total loss of production in the adjacent Mercury Well No. 1, constituted negligent trespass.  Plaintiffs respond that the objection fails because, first, Defendants have improperly raised the claim of trespass for the first time in their objection, second, they have failed to established how an action for trespass arises, and third, they have failed to demonstrate that Cosgrove-Davies or Smith were personally involved in and responsible for the decisions related to that trespass.

STANDARD OF REVIEW

When a party to an action submits objections to the magistrate judge's report, the district court judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed R. Civ. P. 72(b)(3).

DISMISSAL STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id.* at 1965 (internal citation and quotation marks omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests.  *Id.* at 1965.  Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint."  *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a

4

conclusory manner).

## DISCUSSION

As an initial matter, Defendants waived the argument that the allegations support a claim for trespass because it was not presented to Judge Goebel. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")).  Notwithstanding this waiver, the Court finds that Defendants' trespass argument fails.

Under Kentucky law, a party may pursue both contractual and tort remedies arising from essentially the same conduct, however, the pleading party must articulate a tort claim that is independent of the contractual duties. *Presnell Constr. Managers v. EH Constr., LLC*, 134 S.W. 3d 575, 582-83 (Ky. 2004).  For example, in *Presnell*, a contractor for a building renovation project filed suit against a construction management company hired to manage the project.  134 S.W.3d at 576.  The contractor brought claims premised upon the management company's alleged negligent misrepresentation and negligent supervision of the project. *Id.*  The Supreme Court of Kentucky found that the tort of negligent misrepresentation defined an independent duty for which recovery in tort for economic loss was available because the management company had a duty not to supply false information, but that the claim for negligent supervision of the project did not articulate a claim independent of the management company's contractual duties. *Id.* at 582-83.

Additionally, under Kentucky law, while an officer is normally not liable for contractual obligations of the corporation, he is "not immune from liability for his own intentional

misconduct or for negligence based upon a breach of his own duty." *Young v. Vista Homes, Inc.*, 243 S.W.3d 352, 363 (Ky. Ct. App. 2007); *see also Brewer Machine & Conveyor Mfg. Co. v. Old Nat'l Bank*, 248 F.R.D. 478, 481 (W.D. Ky. 2008).  For example, in *Young*, several homeowners brought separate actions against a home construction company, the president and vice-president of the company in their individual capacities, and a real estate brokerage company.  243 S.W.3d at 357.  The case arose from a dispute regarding whether the defendants represented that the homes at issue had three or four bedrooms, because the septic systems on the properties were only suitable for three bedroom homes.  *Id.*  The Kentucky Court of Appeals found that the president and vice-president could not be held personally liable for the contractual warranty, code violation or negligence claims because they were based on contractual and statutory duties owed by the home construction company.  *Id.* at 363-64.  The court speculated that the president and vice-president, however, could be individually liable for any misrepresentations they personally made even if they were acting on behalf of the company, but found the question moot because the homeowners only recovered nominal damages on the misrepresentation claim.  *Id.* at 364.

Here, Defendants assert that the allegations in the Pleading support a claim for trespass. "Kentucky law allows recovery under trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant committed an intentional trespass or (3) the defendant committed a negligent trespass." *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 619 (Ky. Ct. App. 2003).  A person trespasses if he or she "enters or remains upon land in the possession of another without the possessor's consent." *Bradford v. Clifton*, 379 S.W.2d 249, 250 (Ky. 1964); *see also Smith v. Carbide & Chems. Corp.*, 226 S.W.3d 52, 54 (Ky. 2007).

Negligent trespass occurs when "[o]ne who recklessly or negligently, or as a result of an abnormally dangerous activity, enters land in the possession of another or causes a thing or third person so to enter" and "his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor, or to a thing or a third person in whose security the possessor has a legally protected interest." *Rockwell*, 143 S.W.3d at 620 (quoting Restatement (Second) of Torts §165).  The Restatement (Second) of Torts defines "a person who is in possession of land" as only one who:

> (a) is in occupancy of land with intent to control it, or
> (b) has been but no longer is in occupancy of land with intent to control it, if, after he has ceased his occupancy without abandoning the land, no other person has obtained possession as stated in Clause (a), or
> (c) has the right as against all persons to immediate occupancy of land, if no other person is in possession as stated in Clauses (a) and (b).

Restatement (Second) of Torts §157.

Defendants' Pleading does not contain direct or inferential allegations of intentional or negligent trespass.  Defendants only state that Energistica was not legally entitled to drill Energistica Well No. 3, Defendants do not allege that they possessed the site.  Further, the Pleading does not allege that Smith and Cosgrove-Davies ever were present on the site.  The Pleading also does not allege that anything entered land possessed by Defendants.

The Court does not need to address whether a trespass claim could constitute a claim independent from a contractual duty in this matter because Defendants have not alleged sufficient facts to give Energistica fair notice concerning the nature of any trespass claim and the grounds upon which it rests.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that the claims in Paragraphs 18-23 of the Verified Amended Counterclaim and Third Party Complaint (DN 67) that are asserted against Malcolm Cosgrove-Davies, Administrator of the Estate of Livingston Davies, and Peter H. Smith in their individual capacities are DISMISSED.